## Grauel et ux. v. Shuff

*Dennis A. O'Neill*, for plaintiff; *H. Lester Haws*, for defendant.

DANNEHOWER, J., July 23, 1934.—This case comes before the court on defendant's rule to show cause of action and why defendant should not be discharged on common bail.

The plaintiffs, as father and mother of the deceased, issued a writ of capias ad respondendum, and an affidavit to hold to bail was filed. Bail of $500 was allowed by a judge. The defendant gave bail and was discharged from custody. Ten days thereafter, this rule was filed.

The affidavit to hold to bail avers that the defendant's automobile, in which the defendant was a passenger, was being operated with his knowledge and consent by a person under the influence of intoxicating liquor, that it was being driven at an excessive and reckless rate of speed on the wrong side of the road and struck the automobile which plaintiffs' son was lawfully driving, causing grievous injuries of which the plaintiffs' son died, that if defendant is not held to bail he will leave the jurisdiction of the court to avoid process, and that plaintiffs, as father and mother of deceased (who was unmarried) have suffered $5,000 damages.

In support of the rule, the defendant assigns the following reasons:

1. A person cannot be arrested on a capias for a tort committed by his servant or agent.

2. The affidavit to hold to bail is not sufficiently informative as to the approximate amount of damages.

It has been decided, and it would appear to be the general rule, that a writ of capias ad respondendum will not be issued against a master for a tort committed by his servant: Mason v. Sabulsky, 20 D. & C. 355; Carroll v. Simons, 11 Dist. R. 47.

In 5 C. J. 462, the rule is stated as follows: "The principal cannot ordinarily be arrested for the acts of his agent, unless he personally participated therein, or knowingly ratified them, unless the statute is broad enough to confer a right of arrest in the particular character of action without regard to personal delinquency of defendant."

We find the above to be the general rules, but in this case, according to the affidavit to hold to bail, the defendant has been personally guilty of wrong, because he permitted a person under the influence of intoxicating liquor to operate his automobile. As a reasonably prudent person, he could and should have foreseen that the probable result would be damage, injury, or death to other lawful users of the public highway.

True it is that the agent, as operator of this automobile, committed a tort by negligently causing the death of plaintiffs' son. Nevertheless, his principal, the defendant, by conscious and personal participation in permitting an intoxicated person to operate his automobile—a dangerous instrument—committed a tort.

The agent's negligence is imputed to his principal, the owner of the car, who was in the car at the time and participated in the tort, which is sufficient to bring him within the sphere of a capias.

It might not be amiss for the court to take judicial notice of the fact that the agent was convicted in this court of the crimes of involuntary manslaughter and driving a motor vehicle while under the influence of intoxicating liquor, and the principal was convicted of permitting a person under the influence of intoxicating liquor to operate his motor vehicle. Even though both principal and agent were arrested and convicted for crimes which are public wrongs, that does not prevent them from being arrested for a private wrong on a capias ad respondendum for the same offense: Orzel v. Cominsky, 44 Pa. C. C. 703. The owner of the automobile was guilty of a crime in the selection of his agent, and, on the broad grounds of public policy, where the principal his been guilty of actual participation in the tort of his agent, he can be arrested on a capias.

It is also a general rule of law that "in actions of trespass, bail is not demandable, because there is no standard by which the damages can be measured. But there are exceptions to this rule. One is, where the defendant is about to depart out of the jurisdiction of the court. Another is, where there has been a violent battery, in which the plaintiff may sometimes swear to damages to a certain amount, and it may be evident from a view of the wounds, that considerable damage must have been sustained. There are other cases where it is presumable that large damages will be given, because the subject may have been discussed in an action against others for a similar trespass": Duffield v. Smith et al., 6 Binney 302.

But in trespass the plaintiff is not required to swear to the precise amount of damages, so long as the facts be explicitly and distinctly stated. The affidavit in the application before us avers that if defendant is not held to bail, he will leave the jurisdiction of the court to avoid process. Therefore, the first exception to the general rule is met.

It was contended by the plaintiffs that the entry of bail waived defendant's right to resort to the rule. With this contention, we cannot agree. The entry of bail by the defendant does not waive his right to resort to this rule: Desuian v. Zefcak, 22 Pa. C. C. 77; Morrison v. Gardner, 15 Phila. 175; Orzel v. Cominsky, 44 Pa. C. C. 703. And the reason is that bail to the action, being given under compulsion to avoid imprisonment, is not to be taken as a waiver of the right to object to the action, or to the liability to arrest, or to the right to hold to bail, or to the amount thereof.

And now, to wit, July 23, 1934, for the reasons stated, defendant's rule to show cause of action and why defendant should not be discharged on common bail is dismissed.

From Aaron S. Swartz, Jr., Norristown, Pa.